IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KELLI COFFMAN** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | **Case No.:** |
| ) | |
| **KANSAS DEPARTMENT OF** ) | |
| **CORRECTIONS** ) | |
| ) | |
| **Defendant.** ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**AND DESIGNATION OF PLACE OF TRIAL**

COMES NOW, Plaintiff Kelli Coffman ("Plaintiff") and, by and through undersigned counsel, files the following Complaint against Defendant Kansas Department of Corrections ("KDOC"):

**PARTIES.**

1. Plaintiff is a resident of Shawnee County, Kansas.

2. Plaintiff worked for KDOC at the Topeka Correctional Facility in Topeka, Kansas.

3. The Topeka Correctional Facility is a KDOC state prison for women located in Topeka, Kansas, with a principal place of business at 815 SE Rice Rd, Topeka, KS 66607.

4. Defendant KDOC may be served with process by service thereof upon Joe Norwood, Secretary of Corrections, Kansas Department of Corrections, 714 SW Jackson, Suite 300, Topeka, KS 66603; or Derek Schmidt, Attorney General of the State of Kansas, 120 S.W. 10th St., Topeka, Kansas. The Topeka Correctional facility's mailing address is 815 SE Rice Rd, Topeka, KS 66607.

5. KDOC is an "employer" within the meaning of Title VII, The Americans with Disabilities Act, the Kansas Act Against Discrimination K.S.A. §44-1001, et seq., K.S.A. §44-1131, et seq., and the Rehabilitation Act, 29 U.S.C.A. § 794.

6. Defendant KDOC had at least 15 employees at all relevant times.

7. This is an action for discrimination and retaliation in violation of Title VII, the Kansas Act Against Discrimination, K.S.A. §44-1131, et seq, the Americans with Disabilities Act, and the Rehabilitation Act.

## JURISDICTION AND VENUE.

8. The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by law, which rights provide for injunctive relief and other relief for illegal employment decisions.

9. This Court has jurisdiction pursuant to the Rehabilitation Act, 29 U.S.C.A. § 794 (disability discrimination); 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1343(a)(4) (jurisdiction over civil rights claims).

10. Venue is proper in that Defendant is located within this District and the acts complained of took place within this District.

11. On or about August 4, 2016, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination, disability discrimination and retaliation.

12. Plaintiff's EEOC complaint was dually filed with the Kansas Human Rights Commission within 180 days of the acts complained of herein.

13. On or about April 5, 2017, the Equal Employment Opportunity Commission investigated and issued Plaintiff her Notice of Right to Sue Letter.

14. Plaintiff's claims are timely in that one or more actions complained of herein occurred within the statute of limitations period such that the "continuing action" theory is applicable to this matter.

15. Defendant KDOC is a "program or activity" as defined by the Rehabilitation Act, i.e., "a department, agency, special purpose district, or other instrumentality of a State or of a local government". 29 U.S.C.A. § 794(b)(2)(A).

16. Defendant KDOC receives and received Federal financial assistance to operate various programs including the Topeka Correctional Facility and by receiving such federal funds, Defendant KDOC has waived immunity under the Rehabilitation Act.

17. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Kansas Human Rights Commission alleging discrimination on the basis of her disability and the basis of her gender and included a claim of retaliation as well.

## FACTS COMMON TO ALL COUNTS

18. Plaintiff hereby incorporates by reference each and every allegation and averment in the preceding paragraphs as though fully set forth herein.

19. At all times, relevant hereto, Plaintiff was employed with Defendant and was last employed with Defendant as a Corrections Officer.

20. At all times relevant hereto, Plaintiff performed her job diligently.

21.     On or about March 5, 2016, an after work outing with a male-coworker ended in an incident of nonconsensual sexual contact.

22.     On or about March 7, 2016 when Plaintiff reported to work, she reported to her supervisor, Major Tammy Shoulders that she had been a victim of an incident of nonconsensual sexual contact.

23.     Plaintiff sought to take time off of work consistent with Kansas Law that protects victims of sexual crimes.

24.     Plaintiff thereby invoked her rights under Kansas law [K.S.A. §§ 44-1131 & 1132] which provides and requires protected time off of work for victims of sexual abuse.

25.     Plaintiff's supervisor pressed Plaintiff about identifying the perpetrator.

26.     Plaintiff then informed Shoulders that it was committed by a coworker.

27.     Plaintiff further informed Shoulders of her desire to keep the information confidential and specifically requested that confidentiality.

28.     In connection with the nonconsensual sexual act incident with her coworker, Plaintiff began to suffer from a recurrence of depression.

29.     On March 15, 2016, at or around the time Plaintiff reported to work, she discovered that her employer was going to interview the man she identified as the one who engaged in the nonconsensual sexual act.

30.     Plaintiff almost immediately began to visibly suffer from panic and anxiety.

31.     Shoulders then had Plaintiff taken to Valeo Behavioral Health to talk to a counselor.

32. On March 22, 2016 while Plaintiff was at work, she began to have a crying spell in relation to her depression and the nonconsensual sexual action of her coworker.

33. Plaintiff's crying was witnessed by one of her supervisors.

34. Plaintiff was then taken to a conference with Shoulders and several other managerial employees.

35. Plaintiff was informed she had to get help or quit her job.

36. Plaintiff informed the managers she would not and could not quit.

37. Shoulders then had Plaintiff immediately transported to Valeo Behavioral Health by another KDOC employee.

38. Plaintiff was admitted and remained at Valeo for several days.

39. Defendant knew that Plaintiff was at Valeo during the time of her admission.

40. On March 29, 2016, Plaintiff returned to work.

41. Plaintiff experienced no additional problems upon that return.

42. Plaintiff could perform the job with or without a reasonable accommodation.

43. On information and belief, Defendant cites alleged attendance issues in support of its decision to involuntarily terminate Plaintiff.

44. On Tuesday, April 5, 2016, Plaintiff's employment was terminated.

45. Plaintiff was not given a valid reason for termination.

46. The Topeka Correctional Facility has had events occur in the past, which reflect that it operates an environment conducive to sexual abuse.

47. Plaintiff diligently searched for new employment and found employment approximately six weeks later, however she earns less than she did when she was employed by Defendant.

## COUNT I
## FAILURE TO ACCOMMODATE AND DISCRIMINATION IN VIOLATION OF THE KANSAS ACT AGAINST DISCRIMINATION (KAAD), REHABILITATION ACT AND TITLE I OF THE AMERICAN'S WITH DISABILITIES ACT (ADA).[1]

48. Plaintiff hereby incorporates by reference each and every allegation and averment in the preceding paragraphs as though fully set forth herein.

49. Plaintiff was a "qualified" individual with a disability under the Rehabilitation Act, KAAD and the ADA. § 794.

50. Defendant knew of Plaintiff's anxiety and/or depression and/or her record of the same.

51. Defendant regarded Plaintiff as disabled on account of her anxiety and/or depression.

52. During her employment, Plaintiff took time off of work to address a mental health issue arising from anxiety and depression.

53. Shortly before the date of Plaintiff's termination, Defendant purported to grant a reasonable accommodation for Plaintiff's disabilities by allowing her to take time off of work to receive treatment for her condition.

54. However, Plaintiff was fired shortly after taking the purported accommodated leave, and thus was not truly accommodated.

---

[1] Claims herein under Title I of the ADA seek only injunctive relief and all relief just an appropriate within the context of sovereign immunity.

6

55. While employed by Defendant, Plaintiff was excluded from participation in, denied the benefits of, and/or subjected to discrimination under a program or activity receiving Federal financial assistance, and Defendant by and through its agents, servants and/or employees, because of her disability, engaged in acts made unlawful by the Rehabilitation Act, 29 U.S.C.A. § 794, including failure to provide reasonable accommodations for Plaintiff's disability.

56. While employed by Defendant, Plaintiff was subjected to discrimination because of her disability by Defendant in violation of the Rehabilitation Act, 29 U.S.C.A. § 794, said acts including, but not limited to: failing to provide reasonable accommodations for Plaintiff's disability.

57. While employed by Defendant, Plaintiff was subjected to discrimination on account of her disability in violation of the KAAD and ADA in that she was not granted a reasonable accommodation.

58. Defendant subjected Plaintiff to disparate treatment, harassment, and/or termination, as set forth herein, in whole or in part because of her disability and/or her requests for reasonable accommodations for her disability, said acts being made unlawful by the KAAD, the ADA, 42 and/or the Rehabilitation Act, 29 U.S.C.A. § 794.

59. Defendant failed to enter into a good faith interactive process with regard to Plaintiff's request for accommodation, and rather derided her about her symptoms, and forced her into treatment, with the true design to get her to quit.

60. At the time of firing Plaintiff, Defendant had no legitimate, non-retaliatory, non-discriminatory reason for its decision.

61. Defendant engaged in said discriminatory practices with malice or reckless indifference to the protected rights of Plaintiff.

62. Plaintiff has suffered emotional distress over being fired, over how her firing was handled, over what motivated her firing, and over never having been provided a truthful reason for why she was fired.

63. Plaintiff has suffered lost wages and benefits because of the decisions by Defendant.

WHEREFORE, Plaintiff Kelli Coffman prays that this Court grant the following remedies:

    a. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the KAAD, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act, 29 U.S.C.A. § 794,

    b. Award Plaintiff all lost wages, past and future, to which she is entitled;

    c. Award Plaintiff compensatory damages;

    d. Award Plaintiff reasonable attorney's fees, costs, and interest;

    e. Award Plaintiff equitable relief including, but not limited to: an injunction directing Defendant to cease its discriminatory conduct and practices; full reinstatement to her employment and position with Defendant; and injunctive relief directing Defendant to provide Plaintiff her requested reasonable accommodations within a reasonable time; and

    f. Award such other relief as this Court deems just and proper.

## COUNT II
## RETALIATION, INTERFERENCE, COERCION AND/OR INTIMIDATION IN VIOLATION OF THE KAAD, THE REHABILITATION ACT AND TITLE V OF THE ADA

64. Plaintiff hereby incorporates by reference each and every allegation and averment in the preceding paragraphs as though fully set forth herein.

65. During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the KAAD, the ADA, and the Rehabilitation Act, as set forth herein.

66. Defendant retaliated and discriminated against Plaintiff for engaging in said protected by activity, as set forth herein, including taking medical leave to address her health concerns and reporting that she was a victim of an act of nonconsensual sexual contact by a coworker.

67. During the time Plaintiff was employed by Defendant, she exercised and/or enjoyed rights granted and/or protected by the KAAD, the ADA and/or the Rehabilitation Act, including, but not limited to, requesting and making use of reasonable accommodations for her disability, and reporting the sexual act committed against her, as set forth herein.

68. Defendant coerced, intimated, and/or threatened Plaintiff on account of her having exercised and/or enjoyed rights granted and/or protected by the KAAD, the ADA and/or the Rehabilitation Act, as set forth herein, including her report of her mental health condition that required accomodation.

69. Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the KAAD, the ADA and/or the Rehabilitation Act, as set forth herein.

9

70. At the time of firing Plaintiff, Defendant had no legitimate, non-retaliatory, non-discriminatory reason for its decision.

71. As a direct and proximate result of Defendant's retaliation, interference, coercion and/or intimidation in violation of the KAAD, the ADA and/or the Rehabilitation Act, Plaintiff has suffered emotional distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

72. As a further direct and proximate result of Defendant's retaliation, interference, coercion and/or intimidation in violation of the KAAD, the ADA and/or the Rehabilitation Act, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, a loss and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff Kelli Coffman prays that this Court grant the following remedies:

    a. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the KAAD, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act, 29 U.S.C.A. § 794,

    b. Award Plaintiff all lost wages, past and future, to which she is entitled;

    c. Award Plaintiff compensatory damages;

    d. Award Plaintiff punitive and exemplary damages;

    e. Award Plaintiff reasonable attorney's fees, costs, and interest;

    f. Award Plaintiff equitable relief including, but not limited to: an injunction directing Defendant to cease its discriminatory conduct and practices; full

reinstatement to her employment and position with Defendant; and injunctive relief directing Defendant to provide Plaintiff her requested reasonable accommodations within a reasonable time; and

g.  Award such other relief as this Court deems just and proper.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and all legal and equitable relief requested in this complaint.

## COUNT III
## GENDER DISCRIMINATION, HOSTILE WORK ENVIRONMENT & RETALIATION IN VIOLATION OF TITLE VII, THE KAAD AND KSA 44-1132.

73. Plaintiff hereby incorporates by reference each and every allegation and averment in the preceding paragraphs as though fully set forth herein.

74. Plaintiff suffered sexual abuse by a coworker that she ultimately reported to her employer but requested confidentiality from her employer regarding the same.

75. Plaintiff invoked rights protected under KSA 44-1131 regarding an instance of a sexual assault.

76. Plaintiff was entitled to protected time off on account of her complaint.

77. Despite the request for confidentiality, Defendant engaged in activities that created a hostile work environment with respect to Plaintiff that resulted in increased scrutiny upon Plaintiff by her superiors.

78. Despite the request for confidentiality, Defendant inappropriately publicized that Plaintiff had reportedly been a victim of a nonconsensual sexual act perpetrated by a coworker, which in turn created a hostile work environment for Plaintiff.

11

79. After reporting the sexual abuse and taking time off from work related to it, Plaintiff experienced discrimination and retaliatory treatment in that she was subject to increased scrutiny by her superiors.

80. The increased scrutiny included forcing Plaintiff to receive mental health treatment under the threat of losing her job if she did not.

81. Defendant's discriminatory, harassing and retaliatory conduct culminated with its decision to fire Plaintiff.

82. Defendant's decision to fire Plaintiff occurred in a temporally relevant time frame as to her initial report of having been a victim of a non consensual sexual act.

83. At the time of firing Plaintiff, Defendant had no legitimate, non-retaliatory, non-discriminatory reason for its decision.

84. As a direct and proximate result of Defendant's discrimination, harassment and retaliation, in violation of Title VII, the KAAD, and KSA 44-1132, Plaintiff has suffered emotional distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

85. As a direct and proximate result of Defendant's discrimination, harassment and retaliation, in violation of Title VII, the KAAD and KSA 44-1132, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, a loss and impairment of her earning capacity and ability to work, and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff Kelli Coffman prays that this Court grant the following remedies:

a. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the KAAD, Title VII and KSA 44-1132;

b. Award Plaintiff all lost wages, past and future, to which she is entitled;

c. Award Plaintiff compensatory damages;

d. Award Plaintiff punitive and exemplary damages;

e. Award Plaintiff reasonable attorney's fees, costs, and interest;

f. Award Plaintiff equitable relief including, but not limited to: an injunction directing Defendant to cease its discriminatory conduct and practices; full reinstatement to her employment and position with Defendant; and injunctive relief directing Defendant to provide Plaintiff her requested reasonable accommodations within a reasonable time; and

g. Award such other relief as this Court deems just and proper.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and all legal and equitable relief requested in this complaint.

## REQUEST FOR JURY TRIAL.

Plaintiff requests a jury trial on all claims asserted herein.

## DESIGNATION OF PLACE OF TRIAL.

Plaintiff designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

REAVEY LAW LLC

By: /s/ Kevin C. Koc            .
    Patrick G. Reavey KS# 17291
    Kevin C. Koc KS# 24953
    Livestock Exchange Building
    1600 Genessee Suite 303
    Kansas City, MO 64102
    Ph: 816.474.6300
    Fax: 816.474.6302
    Email: preavey@reaveylaw.com
    Email: kkoc@reaveylaw.com
    Website: www.reaveylaw.com