IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KELLI COFFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-2381-JTM |
| | ) |
| THE STATE OF KANSAS, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Defendant State of Kansas has filed a motion to stay discovery (ECF No. 19) pending a ruling on its motion to dismiss (ECF No. 17). Plaintiff generally consents to the motion to stay, but alternatively proposes that the parties "nevertheless proceed with some limited high-level discovery as it relates to the scope of information … available to the litigants."[1] For the reasons stated below, the court grants the motion to stay in its entirety.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[2] But four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the

---

[1] ECF No. 21 at 1–2.

[2] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendant's immunity from suit.[3]  The decision whether to stay discovery rests in the sound discretion of the district court.[4]  As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and the pending motion to dismiss.  The court agrees that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until the court resolves defendant's pending dispositive motion.  Defendant asserts that plaintiff's claims are, in part, barred by Eleventh Amendment immunity.  Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[5]  Additionally, although plaintiff asserts that her Rehabilitation Act claim is *not* subject to the Eleventh Amendment immunity defenses or otherwise subject to dismissal, plaintiff does not oppose a stay of discovery "so that all matters at issue can first be streamlined."[6]

In light of the foregoing, and in the interest of judicial efficiency, the court declines to implement the phased-discovery approach proposed by plaintiff—i.e., the court finds the potential burden on the court, counsel, and litigants resulting from this

---

[3]*Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991).

[4]*Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[5]*Siegert*, 500 U.S. at 232–33.

[6]ECF No. 21 at 1.

piecemeal approach outweighs any potential benefit—especially where there is no indication the facts sought through such limited high-level discovery would affect the resolution of the dispositive motion, and where "substantive discovery requests" would not issue until after the motion to dismiss is resolved.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1. Defendant's motion to stay (ECF No. 19) is granted.

2. All pretrial proceedings in this case, including discovery and initial disclosures, are stayed until further order of the court.

3. Should the case survive the pending motion to dismiss, counsel shall confer and submit a Rule 26(f) planning meeting report to the undersigned's chambers within 14 days of the ruling on the motion. The court will then promptly set a scheduling conference.

Dated January 4, 2018, at Kansas City, Kansas.

                                        s/ James P. O'Hara  
                                        James P. O'Hara  
                                        U.S. Magistrate Judge