IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KELLI COFFMAN,

        Plaintiff,

v.                                                     Case No. 17-2381-JTM-JPO

KANSAS DEPARTMENT OF
CORRECTIONS and STATE OF
KANSAS,

        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Kelli Coffman was employed with defendant State of Kansas (the "State") as a corrections officer at the Topeka Correctional Facility ("TCF"). The State terminated plaintiff's employment on April 5, 2016. Plaintiff filed this employment action alleging that defendants discriminated and retaliated against her in violation of Title VII, the Americans with Disabilities Act ("ADA"), the Kansas Act Against Discrimination ("KAAD"), and the Rehabilitation Act. The matter is now before the court on the State's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). (Dkt. 17). The State claims that it is immune from suit under the Eleventh Amendment. It also asserts that plaintiff failed to exhaust her administrative remedies. For the reasons stated below, the State's motion to dismiss is granted in part and denied in part.

    **I.**    **Factual Background**

In March 2016, plaintiff was a correctional officer at TCF. Plaintiff alleges that on or about March 5, 2016, she went out with a male coworker after work that resulted in an

incident of nonconsensual sexual contact. A couple of days later, plaintiff reported to her supervisor, Major Tammy Shoulders, that she was a victim of this sexual assault. Plaintiff requested time off in accordance with Kansas law, Kan. Stat. Ann. §§ 44-1131, 1132, which provides and requires protected time off work for victims of sexual abuse. Plaintiff states that when pressed, she told Shoulders that the assault was committed by a coworker. But plaintiff told Shoulders that she wanted to keep the information confidential.

Plaintiff asserts that she began having recurring depression. On March 15, 2016, she discovered that her employer was going to interview the coworker. Plaintiff immediately panicked and visibly suffered from anxiety. Shoulders had plaintiff taken to Valeo Behavioral Health to speak with a counselor.

On March 22, 2016, plaintiff began crying at work as a result of her depression from the assault. One of plaintiff's supervisors saw plaintiff crying and took her to a conference with Shoulders and several other managerial employees. According to plaintiff, the managers informed her that she had to get help or quit her job. Plaintiff responded that she would not quit. Shoulders then had another TCF employee transport plaintiff to Valeo Behavioral Health, where plaintiff was admitted for treatment and remained for several days.

Plaintiff returned to work on March 29, 2016, and had no further problems. However, defendants terminated plaintiff's employment on April 5, 2016.

On or about August 4, 2016, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination, disability discrimination, and retaliation. Plaintiff dually filed her EEOC complaint with the

Kansas Human Rights Commission ("KHRC") within 180 days of the alleged acts. On April 5, 2017, the EEOC issued plaintiff a Notice of Right to Sue Letter.

## II.     Exhaustion Requirement of the KAAD Claim

The KAAD prohibits disability and gender discrimination against an employee. Kan. Stat. Ann. § 44-1001. A KAAD plaintiff must timely exhaust administrative remedies. Kan. Stat. Ann. § 44-1005(i). The State claims that plaintiff failed to exhaust her administrative remedy with respect to her KAAD claim because she did not state whether the KHRC ever issued a determination, dismissal, right to sue letter, or other action.

"Before a plaintiff may litigate any KAAD claims in court, [the] plaintiff must first receive an unfavorable determination from the KHRC, file for reconsideration of that unfavorable determination and then receive a denial of the reconsideration application." *Davidson v. MAC Equip., Inc.*, 878 F. Supp. 186, 189 (D. Kan. 1995) (citing *Simmons v. Vliets Farmers Coop. Ass'n*, 861 P.2d 1345, *review denied*, 845 P.2d 1223 (1993)). The denial of the reconsideration application is a prerequisite to invoking the court's subject matter jurisdiction under this Act. *See Weber v. Bd. of Cty. Comm'rs of Chase Cty., Kan.*, No. 14-1263-JAR-KMH, 2014 WL 5848971, at *1 (D. Kan. Nov. 12, 2014) ("Failure to exhaust administrative remedies is a jurisdictional bar to filing suit in federal court.")

"When reviewing a factual attack on subject matter jurisdiction, a district court . . . has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*,

46 F.3d 1000, 1002–03 (10th Cir. 1995) (internal citations omitted). Consideration of such outside evidence does not convert the motion to one for summary judgment. *Id.*

Plaintiff filed her amended complaint on September 6, 2017. The next day, the KHRC dismissed the administrative complaint, and plaintiff subsequently sought reconsideration of its dismissal. (Dkt. 25-1). Plaintiff does not state that the KHRC ruled on her petition for reconsideration. However, a petition for reconsideration is deemed to be denied if the KHRC takes no action within 20 days of plaintiff filing her petition for reconsideration. (*Id.* at 3). It is unclear whether the KHRC took no action on plaintiff's petition or if plaintiff failed to plead sufficient facts that she exhausted her administrative remedies—a jurisdictional requirement.[1] But as addressed below, plaintiff's KAAD claim is barred by the Eleventh Amendment. *See infra.*

### III.   Plaintiff's Title VII and ADA Claims

A plaintiff must file a complaint with Title VII and ADA claims within 90 days after receiving the right to sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 508 (D. Kan. 2007). The State argues that plaintiff's Title VII and ADA claims are untimely because she did not name and serve the correct party— the State—within 90 days from receiving the EEOC right to sue letter.

Plaintiff counters that her claims against the State should be deemed timely because, pursuant to Fed. R. Civ. P. 15(c)(3), they relate back to the date the complaint was initially filed. The court agrees. Even though plaintiff only named the KDOC in her

---

[1] Plaintiff's right to sue letter from the EEOC is insufficient to exhaust her KAAD claim. *See Weber*, 2014 WL 5848971 at *1.

4

initial complaint, the KDOC is an entity of the State and the same attorney represents both defendants. Thus, the State had notice of her action, it will not be prejudiced in defending on the merits, and it knew or should have known the action would have been brought against it but for plaintiff's mistake in identifying the proper party. *See* Fed. R. Civ. P. 15(c)(3)(i)–(ii). Plaintiff's addition of the State as a defendant in this case relates back to her initial complaint and her claims are timely. *See Collins*, 245 F.R.D. at 508 ("In *Brauer v. Republic Steel Corp.*, [460 F.2d 801, 804 (10th Cir. 1972)] the Tenth Circuit permitted, under Rule 15(c)(3), the amendment of a complaint adding entirely new plaintiffs in addition to the existing plaintiffs.").

## IV. Eleventh Amendment Immunity

The State asserts that plaintiff's ADA and KAAD claims are barred by the Eleventh Amendment. "Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment." *Levy v. Kan. Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1168 (10th Cir. 2015). However, the Eleventh Amendment does not bar suits for prospective injunctive relief against state officials acting in violation of federal law. *See Guttman v. Khalsa*, 669 F.3d 1101, 1127 (10th Cir. 2012) ("An individual can bring an *Ex parte Young* claim against a state official in federal court for an ADA or § 1983 violation.") (citing *Ex parte Young*, 209 U.S. 123 (1908)).

With respect to plaintiff's discrimination claim brought under Title I of the ADA, plaintiff only seeks injunctive relief and any other relief that is proper within the context of sovereign immunity. (Dkt. 11, at 6 n.1). Therefore, it is not barred by Eleventh Amendment immunity. Plaintiff does not specify if she is only seeking injunctive relief

with respect to her retaliation claims under Title V of the ADA. But such a claim does not stand alone; it arises because of the alleged discrimination brought under Title I of the ADA. *Collazo-Rosado v. Univ. of P.R.*, 775 F. Supp. 2d 376, 384 (D.P.R. 2011). Therefore, plaintiff's retaliation claim is not barred by the Eleventh Amendment, and plaintiff may seek prospective declaratory, equitable, or injunctive relief against the State. *Id.* at 388 (citing *Ex Parte Young*, 209 U.S. at 160).

On the other hand, plaintiff's KAAD claim is barred by the Eleventh Amendment. *See Ballou v. Univ. of Kan. Med. Ctr.*, 871 F. Supp. 1384, 1391 (D. Kan. 1994). "Kansas has waived its sovereign immunity for claims brought under the KAAD, but that waiver does not amount to a waiver of Kansas' Eleventh Amendment immunity." *Id.*

## V.     Conclusion

Plaintiff's Title VII and ADA claims against the State relate back to her original complaint and are timely. Plaintiff's claims for injunctive relief under Title I and Title V of the ADA are not barred by the Eleventh Amendment. Plaintiff's KAAD claim, however, is barred by Eleventh Amendment immunity and is dismissed.

**IT IS THEREFORE ORDERED** this 29th day of March, 2018, that the State's motion to dismiss (Dkt. 17) is granted in part and denied in part. Plaintiff's KAAD claim is dismissed.

s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE

6